IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| BATESVILLE CASKET COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE 4:07-cv-12 |
| | ) | JUDGE MATTICE |
| UNITED STEELWORKERS OF | ) | MAGISTRATE JUDGE CARTER |
| AMERICA, LOCAL UNION NO. 9137 | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This is an action filed by an employer, plaintiff Batesville Casket Company, Inc., to vacate (with an opposing counterclaim by defendant labor union, United Steel Workers of America, to enforce) a labor arbitration award. On July 26, 2007, the District Court held a status conference in which arose the question of whether limited discovery is needed or should be permitted in the instant case. By order dated July 27, 2007 [Doc. 16], the District Court directed the parties to brief this issue, and they have done so. This matter was then referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(A)- (C). [Doc. 34].

I. The Discovery Issue

Batesville Casket Company, Inc. (hereinafter "Plaintiff") asserts it seeks limited discovery narrowly tailored to the pleadings. Specifically, the requested discovery requires Defendant to explain certain denials in its Answer. Defendant United Steel Workers of America, Local Union No. 9137 (hereinafter "Defendant") counters that discovery is inappropriate as the

1

Court's authority to review the decision of the arbitrator is extremely narrow, citing *United Paperworkers v. Misco*, 484 U.S. 29 (1987). Defendant asserts it is "one of the narrowest standards of judicial review in all of American jurisprudence," citing *The Lattimer-Stevens Co. v. USWA*, 913 F.2d 1166, 1169 (6th Cir. 1990). The record before the reviewing court is limited to the "record before the arbitrator," citing *JCI Communications, Inc. v. IBEW, Local 103*, 324 F.3d 42, 49-50 (1st Cir. 2003). Therefore, Defendant opposes Plaintiff's request for limited discovery.

The underlying dispute which was the subject of binding arbitration concerns whether certain overtime payments should have been made to tool crib attendants on weekends under a 1999 Collective Bargaining Agreement (1999 CBA). The limited issue before this Court is whether the Arbitrator exceeded his authority when he extended his award to resolve future incidents which arguably would be governed by the 2005 Collective Bargaining Agreement (2005 CBA).

Factual Background:

The Manchester, Tennessee facility of Batesville Casket Company, Inc. manufactures steel burial caskets (Doc. 17-2, p. 134). Approximately 520 employees work at the facility, 380 of whom are represented for purposes of collective bargaining by the Defendant (*Id*. at 135; Doc. 17-3, p. 1). The Manchester facility contains a tool crib, which is a locked supply area containing materials used either to produce caskets or to maintain the equipment that produces caskets (Doc. 17-2, pp. 60, 135). The inventory in the tool crib is tracked through a computer program (*Id*. at 136-37). Plaintiff employs tool crib attendants who are responsible for processing parts into and out of the tool crib inventory (*Id*. at 136-145). If no attendant is on duty, employees typically

2

record their transactions into a log and when the tool crib attendant returns to work, he will "issue" the parts into the computer program (*Id*. at 76, 78-79). When tool crib attendants worked on weekends they were paid overtime wages.

On September 5, 1999, Plaintiff and Defendant entered into the 1999 CBA, which governed certain terms and conditions of the bargaining unit employees' work (Docket 17-3, p. 6). The 1999 CBA provided for the arbitration of any grievances relating to the violation of an "express provision of [the 1999 CBA] by an act or omission occurring during the term of [the 1999 CBA]." The term of the 1999 CBA expired on September 4, 2005 (*Id*., Art. 21).

On January 8, 2005, and on January 26, 2005, Defendant filed grievances alleging that Plaintiff had violated the 1999 CBA by not scheduling tool crib attendants for weekend overtime and that supervisors and maintenance employees wrongfully performed tool crib duties when the ordinary tool crib attendants were unavailable (Doc. 17-4). Defendant argued that tool crib attendants were entitled to work weekends whenever maintenance employees were scheduled to work (*Id* at 1, 3). The grievances requested that the affected tool crib attendants be paid for time they missed for work that they allegedly were not properly offered and assigned pursuant to Defendant's interpretation of the 1999 CBA (*Id*.).

In response, Plaintiff maintained that the grievances were without merit because the 1999 CBA gave it broad discretion to determine when and how to schedule the workforce (whether straight time or overtime) and that there was nothing in the 1999 CBA prohibiting it from deciding not to schedule tool crib attendants to work overtime (*Id*. at 2, 4-7). Further, Plaintiff argued that its staging practice did not deprive the tool crib attendants of work that they exclusively had performed in the past (*Id*.). The parties were not able to resolve these matters

through the normal grievance procedures. On March 11, 2005, Defendant submitted the grievances to arbitration (Docket 18-2).

The 1999 CBA was scheduled to expire while the grievances were pending, and during this period, the parties began negotiations on the terms of a new CBA. Plaintiff asserts Defendant specifically proposed to add language to the new CBA that would "allow tool crib attendants to work weekends when maintenance is scheduled to work." (Exhibit A, p. 5). This, says Plaintiff, was the underlying issue in the arbitration (Doc. 17-2, pp. 22-23; Doc. 17-4, pp. 1-7). Plaintiff argues they rejected this proposal and Defendant's proposed language was not included into the new CBA when it was adopted on September 5, 2005 (2005 CBA). (Doc. 18-3; 18-4).

Arbitration Proceedings and Award:

On February 2, 2006, the arbitrator, Roger C. Williams (the "arbitrator"), conducted a hearing regarding the grievances (Doc. 17-2). During the hearing, Plaintiff asserts there was no testimony or evidence submitted by the parties that Plaintiff agreed to include matters arising under the 2005 CBA in the pending arbitration (*Id*. at 1-64). Plaintiff further asserts Defendant filed no grievances pursuant to the 2005 CBA.

On July 24, 2006, the arbitrator issued a decision sustaining the grievances (Doc. 1, Ex. D). The arbitrator directed Plaintiff "to pay each grievant four hours pay . . . for each shift on which he would have worked on January 8, 22, and 23, 2005 if the tool crib attendant work which was performed by employees in other classifications on those days had been assigned to tool crib attendants in accordance with . . . the 1999 agreement." (*Id*. at 17). Plaintiff agreed to pay the ordered award for the grievances and for any other applicable instances that arose under

4

the 1999 CBA.

Thereafter, Defendant requested that the arbitrator's award be applied to resolve future incidents (Doc. 1, Ex. E). Plaintiff objected on the grounds that any future incidents would be governed by the 2005 CBA, which the arbitrator lacked jurisdiction to consider (*Id.*, Ex. F). Nevertheless, on December 14, 2006, the arbitrator issued an Addendum to Opinion and Award extending the remedy to instances arising under the 2005 CBA (*Id.*, Ex. G). Plaintiff filed this action to vacate the Addendum and the arbitrator's expansion of the award to instances arising under the 2005 CBA.[1]

Analysis:

The Federal Rules of Civil Procedure set forth broad parameters with respect to the scope of discovery:

> *Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party,* including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1)(emphasis added).

---

[1] The case law in the Sixth Circuit supports Plaintiff's position that an arbitrator abuses his arbitral power by entering an award that goes beyond the terms of the agreement before him. *See Spero Elec. Corp. v. International Brotherhood of Elec. Workers,* 439 F.3d 324 (6th Cir. 2006)(reversing judgment of district court and remanding case to set aside arbitration award that had been based on a rule recently adopted by the employer, but which was not contained in the CBA that was before the arbitrator).

The primary objective of such broad discovery is to eliminate surprise in civil litigation. *See Davis v. Marathon Oil Co.,* 528 F.2d 395, 404 (6th Cir. 1975). *See also Erskine v. Consolidated Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987) ("trial by ambush is not contemplated by the Federal Rules of Civil Procedure"). The discovery rules "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor and Gamble & Co.,* 356 U.S. 677, 682 (1958).

Accordingly, the discovery rules are liberally construed by the courts. *See Vogt v. Emerson Elec. Co.,* 805 F.Supp. 506 (M.D. Tenn. 1992). The district court also has broad discretion in regulating discovery, and a discovery ruling will not be overturned unless there is a clear abuse of that discretion. *See Rhodes v. McDannel,* 945 F.2d 117, 119 (6th Cir. 1991).

Plaintiff argues many state and federal courts permit limited discovery in post-arbitration actions. *See, e.g., Frere v. Orthofix, Inc.,* 2000 WL 1789641 at *4 (S.D.N.Y. 2000); *National Hockey League Players Ass'n v. Bettman,* 1994 WL 38130 (S.D.N.Y. 1994); *Stein v. American Express Centurian Bank,* 2005 WL 1278357 (Ohio Ct. App. 2005); *W.K. v. Farrell*, 853 N.E.2d 728 (Ohio Ct. App. 2006). Plaintiff notes the *Frere* court flatly rejected Defendant's argument that no discovery is permitted in a post-arbitration proceeding. *Frere*, 2000 WL 1789641 at *5. Additionally, at least one reported decision has permitted post-arbitration discovery in a situation like the one at issue where a party seeks discovery regarding statements made in the pleadings. *See Hardin Const. Group, Inc. v. Fuller Enterprises, Inc.,* 462 S.E.2d 130 (Ga. 1995) (allowing post-arbitration discovery regarding affirmative defenses in answer).

Discovery in a post-arbitration judicial proceeding to confirm or vacate an award is governed by the Federal Rules of Civil Procedure. *Frere*, 2000 WL 1789641 at *4. In analyzing this issue, the *Frere* court recognized the narrowness in which an arbitral award could be challenged, but nevertheless held that discovery should be available "in limited circumstances, where relevant and necessary to the determination of an issue raised by [a motion to confirm or vacate an award]." *Id*. The court observed that "[t]he inquiry is an entirely practical one, and is necessarily keyed to the specific issues raised by the party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure." *Id*. at *5. Applying these standards, the *Frere* court permitted post-arbitration discovery, including document requests, the disclosure of individuals present during specific discussions and even depositions of certain individuals to explore the circumstances surrounding the arbitration award and communications with the arbitrator concerning the scope of his authority. *See also Bettman,* 1994 WL 38130 at *1 (holding that party was entitled to conduct limited discovery in arbitration enforcement action); *Stein*, 2005 WL 1278357 at *1 (holding that discovery in proceeding to confirm arbitration award was proper); *Farrell*, 853 N.E.2d at 728 (holding that trial court did not abuse its discretion allowing discovery as to enforceability of arbitration agreement).

The discovery sought by Plaintiff is not as comprehensive as that propounded in *Frere*. At this point, Plaintiff is not seeking to depose the arbitrator or anyone else and is not requesting the production of documents or the identification of witnesses. The discovery at issue consists merely of 13 requests for admissions and 3 interrogatories. Plaintiff further asserts the interrogatories do not even need to be answered if Defendant admits the requests for admissions. The discovery is narrowly tailored to the pleadings and seeks to have Defendant explain why it

denied certain allegations -- specifically paragraphs 12-15 and 17 -- of the Complaint. Defendant argues that none of the responses will be relevant to the case and that the entire issue will be decided by the District Judge on the arbitrator's record. Even if he is correct, that issue will be decided on a later date by the District Judge.

Defendant points out the Sixth Circuit has held that it may not reconsider the merits of an award even when it is alleged that the award is based on factual errors or on misinterpretation of the contract. *Interstate Brands v. IBT, Local 135*, 909 F.2d 885, 888 (6th Cir. 1990); *Armco Employees Independent Federation, Inc. v. Armco Steel Company, L.P.,* 65 F.3d 492, 496 (6th Cir. 1995). This highly deferential standard of review for arbitration awards is to be observed except in certain circumstances: 1) where the arbitrator exceeds his authority by resolving a dispute that the parties did not agree to arbitrate, 2) where the arbitrator acted dishonestly in issuing the award, or 3) where the arbitrator was not construing or applying the contract. *See Michigan Family Resources, Inc. v. SEIU, Local 517M*, 475 F.3d 746, 753 (6th Cir. 2007) (en banc). As long as the arbitrator does not offend these exceptions to deference enumerated in *Michigan Family Resources*, "the request for judicial intervention should be resisted even though the arbitrator made serious, improvident or silly errors in resolving the merits of the dispute." *Id.; see also United Paperworkers v. Misco*, 484 U.S. 29 (1987) (reversing the Court of Appeals vacatur of an arbitration award because the Court disagreed with the arbitrator's findings and conclusions).

Although the courts do have a limited role when seeking judicial intervention, the federal courts retain authority to ensure that the arbitration award grows out of a legitimate process: that the collective bargaining agreement commits the dispute at hand to arbitration requiring the

8

arbitrator to "act within the scope of his authority." Because I conclude this is the issue for which Plaintiff seeks discovery, *i.e.*, whether the arbitrator had authority to decide the issue related to overtime wages going forward to the 2005 CBA, I conclude the discovery can be had in this case consistent with *Michigan Family Resources, Inc. v. Service Employees Intern. Union Local*, 475 F. 3d 746 (2007), with other cases cited by Defendant, and with Fed. R. Civ. P. 26. The discovery sought is reasonably calculated to lead to relevant information relating to the primary issue of this case: whether the arbitrator exceeded his authority when he held that his award would be applied to future incidents arguably covered by the 2005 CBA. Furthermore, as was the situation in *Frere*, the discovery sought in this case is keyed to specific issues raised by one of the parties in its pleadings. On the other hand, if the District Judge agrees with Defendant's argument, *i.e.*, that the entire case must be decided on the basis of record before the arbitrator, then the Court can simply not consider the answers given by Defendant in response to the limited discovery sought. Accordingly, for the reasons stated, it is **ORDERED** Defendant shall answer the requests to produce and interrogatories within **ten (10) days** of the date of the filing of this Memorandum and Order.

## II. The Issue Related to Defendant's Amended Answer

Defendant has filed an amended answer which is opposed by Plaintiff on the basis that no motion for leave was filed as required by Fed. R. Civ. P. 15 (a). This issue is related to the request for limited discovery because the Amended Answer modifies those portions of the original Answer which are the focus of Plaintiff's discovery requests.

Analysis:

Federal Rule of Civil Procedure 15(a), provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . .

[o]therwise a party may amend his pleading only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). In this case, Defendant served its responsive pleading on March 30, 2007, and asserted a counterclaim (Doc. 7). Plaintiff responded to Defendant's Answer and Counterclaim on April 19, 2007 (Doc. 8). Therefore, pursuant to Rule 15(a), Defendant was required to obtain leave of court or written consent from the Plaintiff before amending its Answer. Defendant did not do either. Accordingly, Defendant's Amended Answer is a nullity. *See, e.g., Friedman v. Village of Skokie*, 763 F.2d 236 (7th Cir. 1985)(filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity); *Ulla-Maija, Inc. v. Kivimaki,* 2003 WL 169777 (S.D. N.Y. 2003)(striking amended answer where defendant did not obtain leave from court or consent from plaintiff before filing it); *Colbert v. City of Philadelphia*, 931 F.Supp. 389 (E.D. Pa. 1996)(refusing to consider second amended complaint filed by plaintiff without leave of court after responsive pleading served).

As the Court stated at the hearing held on Wednesday, November 14, 2007, if defendant will file a motion to amend, I will consider it in light of the fact that amendment is generally liberally granted. However, if no motion to amend is filed by **Friday, December 14, 2007**, I will, for the reasons stated herein, recommend to the District Court that it strike the amended answer.

SO ORDERED.

ENTER.

Dated: December 4, 2007        s/William B. Mitchell Carter
                               UNITED STATES MAGISTRATE JUDGE