UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| BATESVILLE CASKET COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:07-cv-12 |
| UNITED STEEL WORKERS OF AMERICA, LOCAL UNION NO. 9137, | ) ) ) ) | Judge Mattice |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Rule 59(e) Motion to Alter or Amend Memorandum and Order Concerning Discovery (Court Doc. 45.) Defendant moves for reconsideration of United States Magistrate Judge William B. Mitchell Carter's Memorandum and Order of December 5, 2007, which held that Plaintiff's limited discovery requests were relevant to the instant case, and ordered Defendant to comply with Plaintiff's requests. (Court Doc. 41.) For the reasons set forth below, Defendant's motion will be **GRANTED IN PART** and **DENIED IN PART**.

### I. STANDARD OF REVIEW

Defendant seeks reconsideration of Magistrate Judge Carter's Memorandum and Order under Federal Rule of Civil Procedure 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." As no judgment pursuant to Federal Rule of Civil Procedure 58 has been entered in the instant case, Rule 59(e) is inapposite.

Instead, the Court will treat Defendant's motion as an objection to Magistrate Judge Carter's Memorandum and Order. Pursuant to the Federal Magistrate Judge's Act, 28 U.S.C. § 636, a district court may designate a magistrate judge to decide any nondispositive pretrial matter, such as the one addressed by Magistrate Judge Carter. *Id.* § 636(b)(1)(A). A district court may reconsider a magistrate judge's decision on matters so designated and overturn it only if it is "clearly erroneous or contrary to law." *Id.* This is the standard the Court will apply to Defendant's instant motion.

## II. ANALYSIS

Defendant asserts several points of error in its brief. First, it argues that the discovery requests at issue are not relevant under Federal Rule of Civil Procedure 26(b)(1). Defendant also contends that the answers to Plaintiff's thirteen requests for admissions and three interrogatories "can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i). Finally, Defendant argues that Magistrate Judge Carter's Memorandum and Order is in error because it contains a citation to *Spero Electric Corp. v. International Brotherhood of Electrical Workers*, 439 F.3d 324 (6th Cir. 2006) (abrogated by *Michigan Family Resources, Inc. v. Service Employees International Union*, 475 F.3d 746 (6th Cir. 2007) (en banc). The Court will address each of Defendant's arguments.

### A. Citation to *Spero*

Defendant dedicates much of its briefing to the argument that "the entire Memorandum and Order is based on a legally erroneous understanding of the deference this Court must exhibit toward the internal decision-making activities that take place within the arbitration." (Court Doc. 46, Def.'s Mem. in Supp. of Mot. to Alter or

Amend Mem. and Order Concerning Discovery 3.)  For the reasons explained below, the Court disagrees.

Magistrate Judge Carter's Memorandum and Order cited *Spero*, in a footnote, for the general proposition that "an arbitrator abuses his arbitral power by entering an award that goes beyond the terms of the agreement before him."  (Mem. and Order Concerning Discovery 5 n.1.)  While *Michigan Family Resources* replaces the test used in *Spero* to determine whether an arbitrator has exceeded his arbitral power, *cf. Michigan Family Res.*, 475 F.3d at 752-53; *Spero*, 439 F.3d at 328, it does nothing to call into doubt the general proposition for which it is cited in Magistrate Judge Carter's Memorandum and Opinion.  *See Michigan Family Res.*, 475 F.3d at 753 (holding that an arbitrator commits reversible error by, *inter alia*, "act[ing] 'outside his authority' by resolving a dispute not committed to arbitration . . . [or by not] 'arguably construing or applying the contract . . . .' ").  Accordingly, Defendant's argument that the footnote citation to *Spero* somehow taints the entirety of Magistrate Judge Carter's Memorandum and Order fails to establish that the Order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

### B. Rule 26(b)(2)(C)(i)

Defendant argues that the answers to Plaintiff's thirteen requests for admissions and three interrogatories "can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i). Specifically, Plaintiff's Requests for Admissions 1 through 6 seek to authenticate the 2005 to 2009 Collective Bargaining Agreement ("2005 CBA").  (*See* Def.'s Mem. in Supp. of Mot. to Alter or Amend Mem. and Order Concerning Discovery 6-7.)

Defendant correctly points out that the 2005 CBA is part of a joint filing of the arbitration transcript entitled "Joint Stipulation," (*see* Court Docs. 18-1, Joint Stipulation; 18-4 and 18-5, 2005 CBA). However, nowhere in this filing do the parties stipulate to the authenticity of the 2005 CBA. (*See id.*) Accordingly, Defendant's argument that Plaintiff's attempts to authenticate the 2005 CBA are unnecessary in light of the parties Joint Stipulation fails.

Defendant contends that Plaintiffs Requests for Admission 7 through 11, which address a proposed amendment to the 2005 CBA, seek information identical to what is provided in Defendant's Answer and Amended Answer. Again, neither document stipulates authentication. Plaintiff's attempts to authenticate the document are, therefore, not unnecessary. Accordingly, Defendant's argument under Rule 26(b)(2)(C)(i) fails in this regard. Defendant also argues that these requests seek irrelevant information and the Court will address this argument below.

Finally, Defendants object under Rule 26(b)(2)(C)(i) to Plaintiff's Request for Admissions 12 and 13, which seek admissions that, during the arbitration proceeding, there was no evidence or testimony offered suggesting that Plaintiff agreed to arbitrate matters covered by the 2005 CBA. (Def.'s Mem. in Supp. of Mot. to Alter or Amend Mem. and Order Concerning Discovery 8.) Unlike the other requests to admit addressed above, Requests 12 and 13 seek nothing more than what is contained in the arbitration proceeding transcript, which is already a part of the record in this case. (*See* Court Doc. 17-2, Transcript). Accordingly, Defendant raises a valid objection under Rule 26(b)(2)(C)(i) to Plaintiff's Request for Admissions 12 and 13, and the corresponding Interrogatories 2 and 3.

### C. Rule 26(b)(1) Relevance

Finally, Defendant takes issue with Magistrate Judge Carter's finding that Plaintiff's discovery requests seek relevant information. Rule 26(b)(1) provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

It is under this standard that the Court must evaluate Magistrate Judge Carter's finding of relevance.

Defendant points out that the arbitrator found the subject matter of Plaintiff's Request for Admissions—the history of the 2005 CBA—irrelevant to his decision. Defendant then cites *National Post Office, Mailhandlers, Watchmen, Messengers and Group Leaders Division, Laborers International Union of North America v. United States Postal Service*, 751 F.2d 834, 841 (6th Cir. 1985), for the proposition that this Court is bound by the arbitrator's determination of relevance. In *National Post Office*, the United States Court of Appeals for the Sixth Circuit held that "*when interpretation of a term in a collective bargaining agreement . . . is at issue*. . . an arbitrator's judgment as to whether evidence is or is not relevant to his determination is part of the bargain, and a court's power to disturb such discretionary determinations is quite limited." *Id.* (emphasis added) In the instant case, however, Plaintiff does not challenge the arbitrator's decision regarding whether the 2005 CBA is relevant to specific terms at issue at the arbitration proceeding. Instead, Plaintiff argues that the 2005 CBA is relevant to the

scope of the arbitrator's authority. Accordingly, *National Post Office* is distinguishable, and Defendant's argument fails.[1]

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Defendant's Rule 59(e) Motion to Alter or Amend Memorandum and Order Concerning Discovery [Court Doc. 45] as to Plaintiff's Request for Admissions 12 and 13, and Interrogatories 2 and 3. The Court **DENIES IN PART** Defendant's motion as to all other of Plaintiff's Requests for Admissions and Interrogatories at issue. Defendant is **ORDERED** to respond to these remaining discovery requests no later than five days from entry of this Memorandum and Order.

As Defendant's instant motion is partially successful, the Court declines to issue sanctions or award attorneys' fees.

Defendant's Motion for Oral Argument [Court Doc. 56] and Motion to Ascertain Status of Case [Court Doc. 59] are **DENIED AS MOOT**.

Plaintiff's Motion For Leave to File Sur-Reply [Court Doc. 57] is **GRANTED**; the Court considered Plaintiff's submission in relation the instant Memorandum and Order.

SO ORDERED this 19th day of May, 2008.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In conjunction with Defendant's relevance argument, it argues that Plaintiff waived any objection to the arbitrator's authority by submitting that very issue to the arbitrator. Defendant also argues that an arbitrator's finding as to whether the parties have submitted a particular issue to arbitration is, itself, entitled to great deference. Both of these arguments go the merits of Plaintiff's claims, and not to the relevance of its discovery requests at issue. These arguments are properly brought via a dispositive motion or at trial. Accordingly, the Court will not consider these arguments in determining whether Plaintiff's discovery requests are relevant.